REUBEN H. FARNHAM, AS SUPERVISOR OF THE TOWN OF ATTICA, APPELLANT, *v.* CHARLES H. BENEDICT, RESPONDENT.

*Town bonds — one who receives and sells the bonds for the railroad, owes no duty to the town in disposing of them.*

Bonds of the town of Attica were delivered by the commissioners thereof, as authorized by section 5 of chapter 907 of 1869, to a railroad company in exchange for its stock. The defendant received them as president of the company, for its use, sold them at par for cash, and accounted to the company for

the money received. The defendant was, at that time, the supervisor of the town. This action was brought against him for having sold the bonds, knowing them to be invalid, to *bona fide* purchasers, thereby rendering the town liable to pay them.

*Held*, that the action could not be maintained.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*L. W. Thayer*, for the appellant.

*W. F. Cogswell*, for the respondent.

SMITH, P. J.:

The *gravamen* of this action, as stated in the brief submitted to us by the counsel for the plaintiff, is that the defendant, having in his possession certain instruments purporting to be bonds of the town of Attica, issued in aid of the construction of a certain railroad, but which were, in fact, invalid by reason of certain defects known to the defendant, sold the same to *bona fide* purchasers, at par, and thereby rendered the town liable to pay them.

It is a sufficient answer to this claim, as it seems to us, that the defendant owed no duty to the town, in respect to the disposition of the bonds. The bonds were delivered to the railroad company by the commissioners of the town, in exchange for the stock of the company. The commissioners had authority to deliver them for that purpose. (Laws 1869, chap. 907, § 5.) The defendant received them as the president of the company for its use; he sold them for the company, at par, for cash, and, as the referee found, he accounted to the company therefor. It is true that, at the time of the sale of the bonds, the defendant was the supervisor of the town, but he had not, and did not assume to have, any control over the bonds by virtue of that office. The only authority he had over the bonds, and the only duty he was under in respect to them, was as the officer and agent of the company.

Assuming that the bonds, while in the hands of the commissioners, were void for any reason, or that the stock for which the commissioners were about to exchange them was worthless, doubtless the commissioners might have been restrained from disposing of them (Laws 1872, chap. 161; *Ayers* v. *Lawrence*, 59 N. Y., 192), and

even after the exchange, if the stock was worthless, so that the bonds were without consideration, the company, and the defendant, as its officer and agent, might have been restrained from negotiating them, but no such remedy having been resorted to, it is difficult to see upon what ground the defendant is responsible to the town for his agency in selling the bonds, after they were delivered to the company by the commissioners.

For these reasons, as well as those stated in the opinion of the learned referee, we think the judgment should be affirmed.

BARKER and BRADLEY, JJ., concurred; HAIGHT, J., not sitting.

Judgment affirmed.